An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

DIANA SUE EMERY,
Appellant,
vs.
WYNN LAS VEGAS, LLC, D/B/A WYNN
LAS VEGAS,
Respondent.

No. 63570



**FILED**

OCT 2 4 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

### ORDER DISMISSING APPEAL

On May 20, 2014, appellant Diana Sue Emery notified this court that she had filed a petition for relief under the Bankruptcy Code on May 17, 2014, in the United States Bankruptcy Court for the Southern District of Ohio. In light of this notice and the automatic bankruptcy stay, *see* 11 U.S.C. § 362(a)(1) (2012), this court suspended the briefing schedule in this appeal and directed Emery to file a status report regarding the bankruptcy proceeding and the automatic stay. On October 16, 2014, Emery filed her status report, indicating that the bankruptcy proceedings were still pending and that no efforts have been made to seek to modify the automatic stay.

Given the applicability of the automatic stay, this appeal may linger indefinitely on this court's docket pending final resolution of the bankruptcy proceedings. We therefore conclude that judicial efficiency will be best served if this appeal is dismissed without prejudice. Because a dismissal without prejudice will not require this court to reach the merits of this appeal and is not inconsistent with the primary purposes of the bankruptcy stay—to provide protection for debtors and creditors— such a dismissal will not violate the bankruptcy stay. *See Dean v. Trans*

14-35608

*World Airlines, Inc.*, 72 F.3d 754, 756 (9th Cir. 1995) (holding that a post-bankruptcy dismissal will violate the automatic stay "where the decision to dismiss first requires the court to consider other issues presented by or related to the underlying case"); *IUFA v. Pan Am. World Airways, Inc.*, 966 F.2d 457, 459 (9th Cir. 1992) (holding that the automatic stay does not preclude dismissal of an appeal so long as dismissal is "consistent with the purpose of [11 U.S.C. § 362(a)(1)]"). Accordingly, this appeal is dismissed without prejudice to Emery's right to move for reinstatement within 90 days of either the lifting of the bankruptcy stay or final resolution of the bankruptcy proceeding.

It is so ORDERED.

_____ , J.
Pickering

_____ , J.
Parraguirre

_____ , J.
Saitta

cc:     Hon. Valerie Adair, District Judge
        Daniel J. Albregts, Ltd.
        Lawrence J. Semenza, III, P.C.
        Eighth District Court Clerk